IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>ISMAEL JUAREZ-CISNEROS, )<br>)<br>Defendant. ) | Criminal Case No. 1:04-cr-00283-3 (RDA) |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant Ismael Juarez-Cisneros' ("Defendant") Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) and Supplemental Motion (together "Motion"). Dkt. Nos. 674; 678. Considering the Motion and the Government's Response in Opposition to the Motion ("Opposition") (Dkt. 675), and for the reasons that follow, it is hereby ORDERED that Defendant's Motion is DENIED.

I.   BACKGROUND

This case commenced on June 24, 2004, when the Government filed a 5-count Indictment related to Defendant's involvement in MS-13 whereby the Defendant was alleged to have: (1) conspired to tamper with a witness or informant; (2) conspired to retaliate against a witness or informant; (3) killed a person aiding a federal investigation; (4) tampered with a witness or informant; and (5) retaliated against a witness or information. Dkt. 1. On July 14, 2004, Defendant appeared before the Court, waiving formal arraignment, pled not guilty, and demanded a trial by jury. On October 1, 2004, the Government filed a notice seeking the death penalty against Defendant. Dkt. 114. The jury trial commenced on April 11, 2005 and the jury returned a verdict of guilty on all five counts. The jury reconvened for the penalty phase on May 23, 2005 and received instructions highlighting that they were to decide between handing down the death

penalty or the statutory penalty under 18 U.S.C. § 1111(b) requiring "imprisonment for life." On June 14, 2005, the sentencing jury returned and advised the Court that it was unable to reach a unanimous verdict as to sentencing Defendant to a term of life or to the death penalty, which automatically commuted the sentence to life without the possibility of parole. The Court rendered Defendant's sentence of a term of life imprisonment without parole on September 9, 2005.

On November 20, 2020, Defendant petitioned the Bureau of Prisons ("BOP") orally requesting compassionate release at Terre Haute, FCI in light of Defendant's punctured lung and his general fear of COVID-19. Dkt. Nos. 675; 678. On November 30, 2020, the clinical director denied Defendant's request because Defendant's medical history did not constitute a terminal or life-threatening condition. Dkt. 675-1. The warden then denied Defendant's petition on December 7, 2020 for the same reasons. Dkt. 675-2. Defendant then filed another request for compassionate release on April 22, 2021, due to the "extraordinary and compelling reasons presented by [] familial circumstances and the COVID-19 pandemic." Dkt. 674 at 1. After over 15 years since being sentenced, Defendant moved *pro se* for compassionate release before this Court on July 27, 2021 and requested that this Court appoint counsel for him to assist with that motion. Dkt. 674. This Court appointed counsel for Defendant under the Criminal Justice Act and Defendant filed a Supplemental Memorandum in support of his Motion. Dkt. No. 678. The Government opposes Defendant's Motion, and Defendant has replied to the Government's Opposition in the form of his Supplemental Motion pursuant to this Court's September 16, 2021 Order. Dkt. Nos. 675; 677; 678.

## II.  ANALYSIS

Defendant requests immediate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). *See* Dkt. Nos. 674; 678.

In his briefs, Defendant argues that this reduction is warranted for several reasons. *Id*. Defendant submits that his noteworthy steps towards rehabilitation, his health condition and his familial circumstances constitute "extraordinary and compelling reasons" for authorizing his immediate release. Dkt. 674 at 1; Dkt. 678 at 2, 17.

### A. Whether Defendant's Motion is Ripe for Review

Defendant asserts that he has exhausted administrative remedies, as he had not received a response from the warden thirty days after filing his latest request for compassionate release with BOP. Dkt. 674 at 1; Dkt. 678 at 4-5.

The Government disagrees with Defendant's request on the grounds that Defendant did not raise any alleged errors during his trial and sentencing. Dkt. 675 at 12. For the reasons that follow, this Court finds Defendant's Motion is ripe for review because he has satisfied the requirements of § 3582(c)(1)(A).

Section 3582 permits a defendant to file a motion before this Court after first requesting that the BOP bring a motion on his behalf provided that the defendant has (1) "fully exhaust[ing] all administrative rights to appeal . . . or" (2) after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A). As this circuit recently concluded, "[t]he words "or" and "whichever" make it unambiguously clear that Congress has provided defendants with two alternative ways to satisfy the threshold requirement." *United States v. Muhammad*, 16 F. 4th 126, 130 (4th Cir. 2021) (citing *United States v. Garrett*, 15 F. 4th 335, 338 (5th Cir. 2021)).

Accordingly, Defendant may file a motion before this Court 30 days after he has filed his request before the BOP. Defendant filed his motion before this Court on July 27, 2021. Dkt. 674. Noting that more than 30 days had passed since he last petitioned the BOP on April 22, 2021,

Defendant's motion is ripe for review. *See Muhammad*, 16 F.4th at 129 ("The text of § 3582(c)(1)(A) plainly provides that a defendant may file a motion on his own behalf 30 days after the warden receives his request, regardless of whether the defendant exhausted his administrative remedies.").

### B.  Whether Sentence Reduction is Warranted

If the court determines that a defendant has satisfied the exhaustion requirement, the Court must next determine whether the "factors set forth in section 3553(a)" and "extraordinary and compelling reasons" warrant the defendant's reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). United States v. McCoy, 981 F.3d 271 (4th Cir. 2020).

Turning to whether such conditions exist to justify Defendant's release, this Court finds under the present circumstances, "extraordinary and compelling reasons" do not exist to warrant a sentence reduction pursuant to § 3582(c)(1)(A).

The First Step Act, the statute authorizing courts to consider motions for compassionate release like the one Defendant brings, states that reduction is appropriate only in "extraordinary and compelling" circumstances. The text of the statute does not define the term, however, and Congress instead delegated to the United States Sentencing Commission ("the Sentencing Commission") the responsibility of defining the scope of that phrase. *Id.* Accordingly, 28 U.S.C. § 994(t) provides that:

> [t]he Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

28 U.S.C. § 994(t). The Sentencing Commission determined, in pertinent part, that:

4

> [u]pon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that – (1)(A) Extraordinary and compelling reasons warrant the reduction; . . .[1] (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

Further, the Sentencing Commission has indicated that if a defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," then "extraordinary and compelling reasons exist" if the defendant's medical condition, age, family circumstances, or other reason justify such release. U.S.S.G. § 1B1.13, cmt. n.1. In weighing the danger the Defendant poses to the community, courts are directed to consider a number of factors including "the nature and circumstances of the offense charged, including whether the offense is a crime of violence, . . . or involves a minor victim[;]" "the weight of the evidence against the person;" "the history and characteristics of the person[;]" and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

After the enactment of the First Step Act, many district courts, including this Court, have determined that the factors set forth in U.S.S.G. § 1B1.13, cmt. n.1 "provide[ ] helpful guidance, but . . . do[ ] not constrain a court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3582(c)(1)(A)." *United States v. Rodriguez*, 451 F. Supp. 3d 392, 401 (E.D. Pa. 2020) (quoting *United States v. Beck*, 425 F. Supp.

---

[1] Defendant is not "at least 70 years old," U.S.S.G. § 1B1.13, and thus, the omitted subsection (1)(B) is inapplicable to the case at hand.

5

3d 573, 582 (M.D.N.C. 2019)) (citing *United States v. Redd*, 444 F. Supp. 3d 717, 725-26 (E.D. Va. 2020) and other cases). To be sure, § 3582(c)(1)(A) "requires [ ] that sentence reductions be consistent with 'applicable policy statements.'" *McCoy*, 981 F.3d at 281 (quoting 18 U.S.C. § 3582(c)(1)(A)). And there remains "no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), and as a result, district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *McCoy*, 981 F.3d at 284 (emphasis in original) (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)).

This Court has "join[ed] other courts in concluding that a court may find . . . that extraordinary and compelling reasons exist based on facts and circumstances other than those set forth in U.S.S.G. § 1B1.13 cmt. n.1(A)-(C) . . . ." *Redd*, 444 F. Supp. 3d at 726. Accordingly, this Court will treat the § 1B1.13 cmt. n.1(A)-(C) factors as a guide, but not as an exhaustive list of circumstances that could justify compassionate release. *See also United States v. Jackson*, No. 3:17-cr-29-2, 2021 WL 1723653, at *1 (E.D. Va. Apr. 30, 2021) (finding "[t]he policy statements are not binding but are informative and may be considered") (citing *McCoy*, 981 F.3d at 276). The *McCoy* court noted, however, that § 1B1.13 "remains helpful guidance even when motions are filed by defendants." 981 F.3d at 282 n.7. In the wake of *McCoy*, this circuit continues to consult § 1B1.13 for compassionate release motions. *See, e.g.*, *United States v. Trotman*, No. 20-6217, 2020 WL 7392287, at *2 (4th Cir. Dec. 17, 2020) (per curiam); *United States v. Adamson*, 831 F. App'x 82, 83 (4th Cir. 2020) (per curiam); *United States v. Nabaya*, No. 3:17-cr-3, 2021 WL 54361, at *6 (E.D. Va. Jan. 6, 2021); *United States v. Prater*, No. 3:13-cr-133, 2021 WL 54364, at *3 (E.D. Va. Jan. 6, 2021); *Perkins v. United States*, No. 2:18-cr-177, 2020 WL 7364222, at *2

(E.D. Va. Dec. 15, 2020); *United States v. Reid*, No. 2:02-cr-172-7, 2020 WL 7318266, at *2 (E.D. Va. Dec. 10, 2020).

i. 18 U.S.C. § 3553(a) Factors

This Court must first assess application of the Section 3553(a) to Defendant's case before then turning to an assessment of whether Defendant's grounds for sentence reduction meet the "extraordinary and compelling" threshold. Section 3553(a) requires consideration of:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for– . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . (5) any pertinent policy statement . . . ; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

In the case at bar, a unanimous jury found Defendant guilty on five counts, including tampering with a witness or informant, retaliating against a witness or informant, and killing a person aiding a federal investigation. Dkt. 1. As a result of Defendant's conviction, and after the jury deadlocked as to whether Defendant should receive the death penalty, this Court sentenced Defendant to life imprisonment without the possibility of parole pursuant to the mandatory minimum sentence in effect at the time of sentencing.

Defendant directs this Court's attention to a number of compelling rehabilitative facts including the fact that he has "found God[,]" earned a GED, become proficient in English, completed a 500 hour residential drug treatment program, finished over 50 Adult Continuing

Education courses, paid his restitution in full, received a low recidivism score pursuant to First Step Act review, maintained a an incident-free record since his incarceration in 2003 and spent his time productively working in various roles within the prison. Dkt. 674 at 1-2; Dkt. 678 at 17. As a result, Defendant claims his threat to the public is exceptionally low. *Id.* It is important to note that, this Court recognizes and appreciates Defendant's considerable efforts to rehabilitate himself during his term of imprisonment. It appears that during his incarceration, Defendant has been a model inmate. *Id.* The Court encourages Defendant to continue to take advantage of the rehabilitative opportunities he has been afforded and continue to set an example for his fellow inmates. Such behavior can only strengthen Defendant's case for early release as he continues to serve his sentence.

On the other hand, against the backdrop of positive factors Defendant has raised, a sentencing court must also weigh the negative factors. For example, the nature of Defendant's crimes are exceptionally heinous, and § 3553(a)(2) requires that a court impose a sentence reflective of the "seriousness" of the crimes, "afford adequate deterrence to criminal conduct" to the broader public, and to protect the public from the Defendant's crimes. 18 U.S.C. § 3553(a)(2)(A)-(C). This Court has held that, in the face of a compassionate release motion, factors like the seriousness of a defendant's crimes weigh heavily against reducing defendant's sentence. *See, e.g.*, *United States v. Reyes*, No. 3:03-cr-195, 2021 WL 411437, at *6 (E.D. Va. Feb 5, 2021) (finding that the seriousness of a drug dealing offense was sufficient to deny a compassionate release motion); *Albury v. United States*, 496 F. Supp. 3d 974, 981 (E.D. Va. 2020) (denying a motion for compassionate release after weighing the seriousness of drug trafficking crime). Moreover, the need to deter and protect the public from an individual capable of such offenses as those committed by Defendant is paramount. *See United States v. Gray*, No. 1:08-cr-273, 2021

8

WL 3883653, at *2 (E.D. Va. August 10, 2021) (finding that a defendant's request for compassionate release could not overcome the fact that, in light of § 3553(a), a "sentence reduction would not reflect the seriousness of his offenses nor provide adequate deterrence to future criminal behavior"). Considering the brutal nature of Defendant's crimes, this Court considers Defendant's crimes among the most serious of offenses. As a result, this Court does not find that Defendant's sentence is unreasonable or otherwise undermines the factors set forth in § 3553(a).

Relatedly, Defendant has not served 20 years of his life sentence and remains relatively young. This Court has recognized that when a defendant's sentence served reflects a small proportion of the overall sentence, the § 3553(a) factors are not adequately met. *See, e.g.*, *United States v. Revis*, No. 2:18-cr-140, 2021 WL 1821724, at *2 (E.D. Va. Apr. 12, 2021) (finding that granting compassionate release after the defendant had served less than 25% of his sentence "would not adequately reflect the seriousness of the offense, provide just punishment, promote respect for the law, or provide sufficient protection to the public"); *United States v. Evans*, No. 3:00-cr-63, 2020 WL 5121331, at *7 (E.D. Va. August 31, 2020) (finding that defendant's health conditions did not constitute "extraordinary and compelling reasons" for compassionate release considering "well under half" of defendant's sentence had been served and therefore "would not 'provide just punishment' or 'afford adequate deterrence'" (citing § 3553(a)(2) factors)); *United States v. Lloyd*, No. 2:11-cr-36, 2020 WL 4501811, at *3 (E.D. Va. August 5, 2020) (finding that a defendant who had serves "less than half of his sentence even when sentencing credits [were] considered" did not effectively address "[t]he need to provide adequate deterrence" and "to avoid unwarranted sentencing disparities").

Defendant's sentence adequately provides the necessary time Defendant requires to be deterred from committing future criminal offenses and to receive the sufficient educational and

vocational training he needs to fully rehabilitate. On balance, the Court finds that the application of the § 3553(a) factors weigh against sentence reduction.

### ii. U.S.S.G. § 1B1.13, cmt. n.1(A)-(C) Factors

In addition, in weighing the danger Defendant poses to the community, the nature of the offenses charged precludes consideration of other facts such as Defendant's current medical conditions, age or family circumstances. Defendant "is a danger to the safety" of persons in his community. U.S.S.G. § 1B1.13, cmt. n.1. Defendant not only committed murder, he murdered a minor and was convicted by a unanimous jury. Defendant also had a significant criminal history prior to his conviction, buttressing this Court's view that Defendant poses an extreme danger to the public. 18 U.S.C. § 3142(g).

Even if this Court did not deem Defendant sufficiently dangerous under the § 3142(g) factors, Defendant's current medical conditions, age, nor apparent family circumstances do not suggest "extraordinary and compelling reasons" that warrant a reduction in the term of Defendant's imprisonment.

### a. Medical Condition of Defendant

With respect to medical conditions, U.S.S.G. §1B1.13, cmt. n.1(A) provides that an "extraordinary and compelling reason" exists where:

> (i) [t]he defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Additionally, subsection (ii) of that same provision sets forth that a defendant's medical conditions may be indicative of a "an extraordinary and compelling reason" for release when a defendant is:

10

> (I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).

Defendant submits that he experiences "difficulty breathing due to a punctured lung," which puts him at an increased risk of complications from COVID-19. Dkt. 674 at 2; Dkt. 678 at 2. "In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." *Adamson*, 831 F. App'x at 83 (quoting *United States v. Feiling*, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020)); *see also United States v. Blevins*, 832 F. App'x 192, 192 (4th Cir. Dec. 28, 2020) (per curiam). In this case, while Defendant has raised a particularized health concern, his punctured lung occurred in 2007. Dkt. 675 at 3. Defendant has not provided medical documentation confirming that he suffers from prolonged effects of the punctured lung. Furthermore, Defendant already contracted COVID-19 and has been vaccinated. Dkt. 675 at 3; Dkt. 678 at 2. And while he has complained of a continuing loss of smell after having contracted the virus, Defendant fails to demonstrate that his medical condition "create[s] a materially elevated risk of hospitalization or death due to COVID-19" or constitutes "any underlying chronic medical conditions recognized by the CDC as increasing the risk of life-threatening complications." *United States v. Lumpkin*, No. 2:12cr192, 2020 WL 7123109, at *2 (E.D. Va. Dec. 4, 2020) (43-year-old defendant was not particularly susceptible to COVID-19). While Defendant directs this Court to the factors the CDC has recognized as increasing one's risk of complications from contracting COVID-19, Defendant fails to bring his medical condition within any of those categories. Dkt. 678 at 10.

Defendant has not demonstrated to the Court that he has a medical condition that may be presently described by the characteristics set forth in U.S.S.G. § 1B1.13, cmt. n.1(A)(i) and (ii), and thus § 1B1.13, cmt. n.1(A)(i) and (ii) does not counsel in favor of release.

b. Age of Defendant

Further, because Defendant is 43 years old, his age does not support a finding of immediate release from imprisonment. United States Sentencing Guideline § 1B1.13, cmt. n.1(B) indicates that "extraordinary and compelling reasons" exist where "[t]he defendant (i) is *at least 65 years old*; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13, cmt. n.1 (B) (emphasis added). Defendant does not meet the age requirement, which further supports a finding that compassionate release is inappropriate.

c. Family Circumstances

Additionally, "extraordinary and compelling reasons" for release may exist when "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" has occurred or where "(ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner[,]" has taken place. U.S.S.G. § 1B1.13(C).

Here, Defendant describes a thoughtful release plan whereby he would return to Mexico to be the "primary caretaker" of his 78-year old mother who suffers from diabetes and is losing her eyesight. However, Defendant's mother's age and related circumstances are not considered "extraordinary and compelling" under the categories provided by the Sentencing Guidelines. *Id*. Defendant's familial circumstances are not sufficiently extraordinary to compel his immediate release.

d. Other Reasons

Finally, U.S.S.G. § 1B1.13(D) explains that "extraordinary and compelling" circumstances may be present where "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." For the reasons set forth above, this Court will not rely on the provision of subsection C that requires that an additional reason be first "determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13(D). Accordingly, this Court will address the "other reasons" that Defendant argues justify a reduced sentence.

*1. Defendant's general fear of COVID-19*

Defendant argues that by virtue of his incarceration, he is at a heightened risk for contracting COVID-19. Dkt. 678 at 13-16. This Court finds Defendant's proposition without moment. This Court recognizes the importance of Defendant's health, the health of all persons detained, and the significance of the public health emergency triggered by COVID-19. The Court does not take these circumstances lightly. However, as this Court has indicated on prior occasions, "the threat of COVID-19 both in- and outside of prison walls, and Defendant's fear of contracting COVID-19 cannot justify his release." *Feiling*, 453 F. Supp. 3d 832, 842 (E.D. Va. 2020); *see also United States v. Thompson*, 984 F.3d 431, 435 (5th Cir. 2021) ("Fear of COVID doesn't automatically entitle a prisoner to release."); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release . . . ."); *United States v. Day*, 474 F. Supp. 3d 790, 805 (E.D. Va. 2020) ("[W]hile the global health crisis is no doubt extraordinary, it affects all prisoners; and the risk of being infected by COVID-19, standing alone, fails to justify an inmate's compassionate release."); *United States v. Chandler*, No. 3:15mj122

13

(DJN), 2020 WL 6139945, at *5 (E.D. Va. Oct. 19, 2020) ("Indeed, a general fear of contracting COVID-19, without a sufficient basis for that fear, does not provide an extraordinary and compelling reason for a defendant's release."). Defendant has not made a particularized showing of susceptibility to the disease or a particularized risk of contracting the disease at his specific prison facility. *Adamson*, 831 F. App'x at 83 (quoting *Feiling*, 453 F. Supp. 3d at 841 (E.D. Va. 2020)); *see also Blevins*, 832 F. App'x 192. Indeed, while Defendant raises in his Supplemental Motion the fact that his facility had experienced a recent uptick to 29 cases among inmates, cases have quickly returned to 4 cases at Terre Haute, FCI in the beginning of 2022.[2] Defendant actually goes so far as to recognize "the strict protocols initiated at Terre Haute FCI due to the coronavirus, such as: constant lockdowns, quarantines, lack of movement, and lack of access to showers." Dkt. 678 at 14. Defendant's general concerns, while legitimate, do not rise to the level of "extraordinary and compelling" and therefore no immediate release is warranted on this basis.

### 2. Defendant's rehabilitation

Defendant next claims that he has been rehabilitated such that he no longer poses a danger to public safety and that he has a viable release plan, making his immediate release acceptable. Dkt. 678 at 17-18. However, rehabilitation progress alone is not an extraordinary and compelling reason for sentence reduction. *United States v. Hill*, No. 3:14-cr-114, 2020 WL 6049912, at *5 (E.D. Va. Oct. 13, 2020) ("[Defendant] displays significant progress in his rehabilitation and this Court commends him for doing so. [B]ut Congress made clear that '[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.' 28 U.S.C. §

---

[2] Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited January 28, 2022).

994(t)."); *see also United States v. Woolridge*, No. 3:09-cr-156, 2021 WL 415131, at *3 (E.D. Va. Feb. 24, 2021).

Moreover, Defendant's educational bona fides do not constitute an extraordinary and compelling reason for sentence reduction. Dkt. 674 at 1; *see, e.g.*, *United States v. Morgan*, No. 3:18-cr-48, 2021 WL 1743945, at *7 (E.D. Va. May 4, 2021), *appeal filed*, No. 21-6809 (4th Cir. May 25, 2021) ("While Morgan's participation in rehabilitative programs and work during his time incarcerated are commendable, these post-rehabilitation measures do not warrant his early release in light of the seriousness of his convictions and the time remaining on his sentence."); *United States v. Pilgrim,* No. 3:19-cr-50-01, 2021 WL 2003548 at *4 (E.D. Va. May 19, 2021) (defendant's "commendable activity" in taking "educational and vocational courses and earn[ing] [his] GED" did "not overcome [his] violent offense conduct or lessen in any way the need to deter [him] and to protect the public"); *Woolridge*, 2021 WL 415131, at *3 (E.D. Va. Feb. 24, 2021) ("And the Sentencing Commission has emphasized that a defendant's rehabilitation while incarcerated, alone, proves insufficient to warrant a sentence reduction."); *Hill*, 2020 WL 6049912, at *5 ("Congress made clear [in 28 U.S.C. § 994(t)] that '[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason'" for granting a motion for compassionate release); *see also id.* (describing how despite defendant's "participation in an extensive number of educational and vocational programs[,]" such efforts do "not warrant his early release in light of the seriousness of his convictions and the time remaining on his sentence."); *Lloyd*, 2020 WL 4501811, at *4 n.7 ("[Defendant's] good behavior and pursuit of education in an institutional setting is insufficient to tip the scales in his favor based on the consideration of the record as a whole."). While this Court commends Defendant for his commitment to rehabilitation,

15

this factor on its own, or in combination with the other factors Defendant has raised, cannot justify a reduction in sentence.

### III.  CONCLUSION

Accordingly, for the foregoing reasons, it is hereby ORDERED that Defendant's Motion (Dkt. Nos. 674; 678) is DENIED.

It is SO ORDERED.

Alexandria, Virginia
February 8, 2022

/s/
Rossie D. Alston, Jr.
United States District Judge